IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DEBORAH Q. WILLIAMS,            )
                               )
      Plaintiff,             )
                               )
vs.                            )          No. CIV-06-519-C
                               )
MICHAEL J. ASTRUE,             )
Commissioner,                  )
Social Security Administration,)
                               )
      Defendant.             )

MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Q. Williams has moved the court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (See Dkt. No. 26.) Defendant has responded (see Dkt. No. 29), and Plaintiff has filed a reply (see Dkt. No. 30).

Section 2412(d) provides that a prevailing party other than the United States shall be awarded fees unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. With respect to EAJA applications in Social Security cases, the Commissioner has the burden of showing that its position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). The Commissioner must prove that his case has a reasonable basis in law and in fact. Id. The term "substantially justified" has been defined as "'justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Based on an independent review of the record, the Court concludes that 1) Plaintiff is a prevailing party, 2) the government's position was not substantially justified, and 3) the requested amount is reasonable. Consequently, the Court finds that Plaintiff's attorney is entitled to an award of fees under the EAJA in the amount of $5,424.60. This award shall be paid directly to Plaintiff. See Manning v. Astrue, ___ F.3d ___, 2007 WL 4443228, at *3 (10th Cir. Dec. 20, 2007). Further, if Plaintiff's counsel is ultimately granted attorney's fees pursuant to 42 U.S.C. § 406(b), he shall refund the smaller award to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

In addition, Plaintiff has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (See Dkt. No. 31.) Plaintiff additionally requests, however, that the Court stay proceedings on her application for § 406(b) fees pending a ruling by the United States Court of Appeals for the Tenth Circuit in Wrenn v. Astrue, No. CIV-03-350-KEW (E.D. Okla. June 15, 2006), appeal docketed, No. 06-7088 (10th Cir. Aug. 16, 2006). (See Pl.'s Mot., Dkt. No. 32.) See, e.g., Clark v. Barnhart, No. CIV-03-306-KEW (E.D. Okla. June 15, 2006), appeal docketed, No. 06-7089 (10th Cir. Aug. 29, 2006) (stayed pending resolution of Wrenn); Dorsey v. Astrue, No. CIV-05-393-C (W.D. Okla. filed Apr. 8, 2005) (Order of July 25, 2007) (same); Locklear v. Astrue, No. CIV-03-1332-L (W.D. Okla. filed Sept. 22, 2003) (Order of Apr. 23, 2007, Dkt. No. 38) (same).

Plaintiff filed her § 406(b) motions on December 7, 2007, and thus any response in opposition by Defendant was due by December 26, 2007. See LCvR7.1(g). As of this date, Defendant has failed to respond or request an extension of time to respond. Therefore, the

2

Court deems Plaintiff's motion to stay the proceedings on her § 406(b) application confessed pursuant to LCvR7.1(g).

CONCLUSION

As outlined herein, Plaintiff's motion for EAJA attorney's fees (Dkt. No. 26) is GRANTED. The Court finds that Plaintiff's attorney is entitled to an award of fees under the EAJA in the amount of $5,424.60, to be paid directly to Plaintiff.

Plaintiff's motion to stay proceedings on her application for § 406(b) fees (Dkt. No. 32) is likewise GRANTED. All proceedings regarding § 406(b) fees in this matter are STAYED pending resolution of Wrenn.

IT IS SO ORDERED this 7th day of January, 2008.

ROBIN J. CAUTHRON
United States District Judge