IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH Q. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner, )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-06-519-C |

MEMORANDUM OPINION AND ORDER

Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and also requested that the Court stay the motion pending resolution of Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008). (See Pl.'s Mot., Dkt. No. 31; Pl.'s Mot. for Stay, Dkt. No. 32). After granting the stay, the Court then lifted it on June 2, 2008, upon Plaintiff's motion (see Pl.'s Mot. to Lift Stay, Dkt. No. 35) and the issuance of Wrenn; in doing so the Court ordered the government to respond by June 20, 2008. (See Order, Dkt. No. 36.) Because the government has failed to respond, Plaintiff's motion is deemed confessed pursuant to LCvR7.1(g).

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such

past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

On May 30, 2007, the Court entered an Order and Judgment finding that the government's denial of benefits was not supported by substantial evidence and reversing and remanding the case for further proceedings. It is undisputed that the Commissioner subsequently issued a favorable decision finding that Plaintiff had been disabled since June 2003. On November 19, 2007, a notice of award was issued, and Plaintiff was informed she would receive past-due benefits of $44,613.00 as well as continuing monthly disability payments. (See Pl.'s Mot. Ex. 1.) Plaintiff then filed her motion on December 7, 2007. (See Pl.'s Mot.) Thus, it is clear that Plaintiff has received a favorable judgment and has applied for an award within a reasonable time. See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006) (holding § 406(b)(1) allows a district court to award attorney's fees when the court remands for further proceedings and there is a subsequent award of benefits by the Commissioner); id. at 505 (noting request for fees must be made within a reasonable time of the Commissioner's decision).

The only question remaining is whether the fee request is reasonable. Fee requests are capped at no more than twenty-five percent of the amount of the past-due benefits. See § 406(b)(1)(A). Here, Plaintiff's attorney seeks $11,153.25.00, which is twenty-five percent of the past-due award. Thus, the request is within the statutory ceiling. Plaintiff's attorney also notes that he did not represent Plaintiff before the agency, only in federal court, and thus had to perform a detailed study of the administrative record at the outset. (See Pl.'s Mot. at

5.) While a computation of the amount sought divided by the hours expended reveals an hourly rate much higher than the Court would expect (see Pl.'s Mot. for EAJA Fees, Dkt. No. 26, Ex. 1), the Supreme Court has indicated that the lodestar method is not the proper manner for evaluating the reasonableness of a § 406(b) contingency fee. See Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002). Rather, the Court is to evaluate the reasonableness of the fee in light of the results obtained. Id. at 807.

Here, Plaintiff's counsel has provided sufficient service to merit an award of $11,153.25. As noted, Plaintiff's counsel obtained a remand and ultimately a favorable result for Plaintiff which included a sizable award of past-due benefits, as well as an award of continuing monthly benefits. Considering the ultimate benefit to Plaintiff, an award of this amount is reasonable. Bolstering this conclusion is consideration of the net amount the client will actually pay. Plaintiff previously received an attorney's fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $5,424.60. (See Order, Dkt. No. 33, at 3.) As required by law, Plaintiff's counsel shall refund that lesser award to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

Upon consideration of the facts and circumstances presented, the Court finds that the requested amount of $11,153.25 represents a reasonable fee for the work done in this case in view of the nature of the representation and the results achieved. The Court further finds that the motion was filed within a reasonable time of the Commissioner's decision awarding benefits.

CONCLUSION

As set forth more fully within, Plaintiff's motion for attorney's fees (Dkt. No. 31) is GRANTED. Plaintiff's counsel is entitled to $11,153.25, to be deducted by the Commissioner from Plaintiff's past-due benefits and paid directly to Steve A. Troutman of Troutman & Troutman, P.C., pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED this 11th day of July, 2008.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge